UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MICHAEL STRONG,<br>      Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 4:21-CV-54-JVB |
| MARTIN O'MALLEY, Commissioner<br>of the Social Security Administration,<br>      Defendant. | )<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on reconsideration of the award of attorney fees under 42 U.S.C. § 406(b). The Court previously awarded fees of $20,000, less than the full amount that Plaintiff's counsel requested. Counsel moved for reconsideration, and the Court held the matter in abeyance pending the resolution of a Seventh Circuit Court of Appeals case on the issue. That case, *Arnold v. O'Malley*, was decided on July 1, 2024. 106 F.4th 595 (7th Cir. 2024). As directed by this court, Plaintiff's counsel filed a memorandum in support of reconsideration on July 15, 2024. The Commissioner did not respond. The Court finds that reconsideration in light of *Arnold* is warranted.

## ANALYSIS

In *Arnold*, the Seventh Circuit clarified that, when determining what amount is a reasonable fee,

> a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction. To be sure, this list is not meant to be exhaustive. Moreover, the inquiry is case-specific, and it will not produce the same results in every case.

106 F.4th at 601 (citations omitted).

As instructed, the Court begins with the contingency agreement signed between Plaintiff and counsel as its pole star. In that agreement, Plaintiff agreed that, if he was awarded past due benefits on remand to the Social Security Administration, his counsel could apply for fees under § 406(a) and § 406(b) and that the combined amount of these fees would not exceed 25% of the past due benefits. (Myers Aff. Ex. A, ECF No. 28-1). Counsel requests $35,861.18—which is 25% of the past due benefits awarded to Plaintiff—in fees under § 406(b). Counsel represents that if the full amount is awarded he will not seek any fees under § 406(a), and if a partial amount is awarded he will not seek fees under § 406(a) that would total more than 25% of the past due benefits. The requested amount is in line with the contingency agreement.

Next, the Court considers whether there are any relevant factors that should lead to a lower award. Counsel has submitted a letter from Plaintiff in which he states "[I] support that Mr. Myers should receive $35,861.18" and "I believe that is reasonable." (Mem. Supp. Recons. Ex. F. ECF No. 34-1). Counsel affirms that he was admitted to the Indiana bar in 2001, has represented over 5000 social security claimants before the Social Security Administration, and is a member of the National Organization of Social Security Claimant's Representatives. These factors support a full 25% award.

On the other hand, counsel did not need to fully litigate this case. He submitted an opening brief, after which the Commissioner agreed to remand the case to the agency, so no reply brief was filed. Counsel submitted records indicating that he spent 20.75 hours working on this case. Still, perhaps remand was agreed to based on the strength of counsel's opening brief. Additionally, the Court sees no evidence of undue delay[1] or overreach by counsel.

---

[1] Counsel requested and received two extensions of time to his deadline to file the opening brief, totaling about two months of time. Such a delay in briefing is neither unusual nor fairly described here as undue.

Counsel asserts that this case "presented a high level of risk." To be fair, no documents submitted to the Court contest this statement. Still, the Social Security Administration's data shows that, for decided claims filed in 2015 (as Plaintiff's was), benefits were granted in just over one third of the applications. *See* Social Security Administration, *Annual Statistical Report on the Social Security Disability Insurance Program, 2022 - Outcomes of Applications for Disability Benefits*, https://www.ssa.gov/policy/docs/statcomps/di_asr/2022/sect04.html (last visited Aug. 22, 2024). For final decisions made at the hearing level or above, 50% of the year 2015 applications were "medically allowed" (this number includes subsequent technical denials). *Id.*

To be clear, representing a client on a contingency basis certainly involves some risk, and recovery is uncertain until a final decision is rendered. The Court considers these factors and is grateful to counsel who are willing to accept clients on contingency fee bases. However, with counsel providing no support to his statement that there was a high level of risk, the Court does not consider the risk and uncertainty here to be particularly "high" (nor, for that matter, particularly "low").

Finally, though counsel did not raise this factor from *Arnold*, the Court considers the effective hourly rate, which is approximately $1,725 per hour. Counsel has identified three cases with comparable or higher effective hourly rates: *Narug v. Comm'r of Soc. Sec.*, No. 2:19-CV-490 JD, 2022 WL 3714743 (N.D. Ind. Aug. 29, 2022) (awarding $16,713 in fees resulting in an effective hourly rate of $1,750.00), *Wattles v. Comm'r of Soc. Sec.*, No. 10-2108, 2012 WL 169967 (C.D.Ill. Jan. 18, 2012) (approving a $20,000 fee that resulted in an effective hourly rate between $2,500.00 an hour and $3,125.00 an hour), and *Polli v. Berryhill*, No. 17-cv-1102, 2019 WL 10248978 (N.D.Ill. Feb. 27, 2019) (awarding $18,600.00 in fees that resulted in an effective rate of $1,805.00 per hour). As the Court noted in its prior decision, none of these cases awarded fees

at these high hourly rates for a comparable number of hours (and thus as high of a total award) as counsel requests.[2] The Court finds that this factor leans toward lowering the amount of the fee award.

When looking at this matter wholistically, however, the Court finds Plaintiff's letter to be most persuasive of the factors. It is, after all, Plaintiff's past-due benefits from which the award is made, so Plaintiff is the one bearing the financial consequences of the award. If Plaintiff believes that his counsel should receive a full 25% of the benefits, then the Court will stay with the pole star and not override the agreement between counsel and Plaintiff. Accordingly, the Court will award the full amount requested.

## CONCLUSION

Based on the above, the Court hereby **RECONSIDERS** the matter of attorney fees under 42 U.S.C. § 406(b), **VACATES** its May 20, 2024 Order [DE 32], and **AWARDS** Plaintiff's counsel a fee of $35,861.18 under § 406(b). If counsel has not already refunded the EAJA award to Plaintiff, the Court **ORDERS** Plaintiff's counsel, upon receipt of the § 406(b) award, to refund the $4,336.75 EAJA award to Plaintiff.

SO ORDERED on August 23, 2024.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT

---

[2] The Court acknowledges that the total award amount is not a factor included in *Arnold*'s list of factors, but as the court stated in *Arnold*, that list is not meant to be exhaustive.